**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA
**18-CV-001015-M**
**CURRIE MINGLEDORFF**
JUL 11, 2018 02:33 PM

Regina B. McIntyre
Regina McIntyre, Clerk
Barrow County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

☑ **Superior or** ☐ **State Court of** _____Barrow_____ **County**

**For Clerk Use Only**

**Date Filed** _____07-11-2018_____    **Case Number** _____18-CV-001015-M_____
        **MM-DD-YYYY**

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Allen, Deborah | | | | | Walmart INC. | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** _____Gardner, Robert_____    **Bar Number** _____284640_____    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Automobile Tort
☑ General Tort
☐ Contract
☐ Real Property
☐ Civil Appeal
☐ Habeas Corpus
☐ Restraining Petition
☐ Injunction/Mandamus/Other Writ
☐ Garnishment
☐ Landlord/Tenant
☐ Other General Civil

**Domestic Relations Cases**

☐ Dissolution/Divorce/Separate Maintenance
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Adoption
☐ Family Violence Petition
☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**

☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony.
☐ Modification
☐ Administrative/Other

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. _____
                                **Language(s) Needed**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

DEFENDANTS'
EXHIBIT
"A"

 **CT Corporation**

**Service of Process Transmittal**
08/09/2018
CT Log Number 533853218

TO:    Kim Lundy Service of Process, Legal Support Supervisor
       Walmart Inc.
       702 SW 8th St, MS#0215
       Bentonville, AR 72716-6209

RE:    **Process Served in Georgia**

FOR:   Walmart Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Allen Deborah, Pltf. vs. Walmart Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Complaint |
| **COURT/AGENCY:** | Barrow County Superior Court, GA<br>Case # 18CV001015M |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/01/2009, Store #520, 440 Atlanta Highway NW, Wmder, Georgia 30680 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/09/2018 at 11:27 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Robert Gardner<br>Gardner Law Firm<br>114 N. Broad Street<br>PO Box 310<br>Winder, GA 30680<br>678-963-5045 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/10/2018, Expected Purge Date: 08/15/2018<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 289 S Culver St.<br>Lawrenceville, GA 30046-4805 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SHERIFF'S ENTRY OF SERVICE | | SC-85-2 | | | CLYDE CASTLEBERRY CO. COVINGTON, GA. 30209 |

**SHERIFF'S ENTRY OF SERVICE**     SC-85-2

Superior Court ☑    Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Civil Action No. 18 - CV - 001015 - M

Date Filed July 11, 2018

Georgia, Barrow COUNTY

Attorney's Address

Gardner Law Firm
114 N Broad St
P.O. Box 310
Winder, Georgia 30680

Deborah Allen

Plaintiff

VS.

Walmart INC.

Name and Address of Party to be Served.

C T Corporation System

c/o Walmart INC

289 S Culver St

Lawrenceville, GA 30046

Defendant

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant_____personally with a copy
of the within action and summons.

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐

Delivered same into hands of_____described as follows:
age, about_____years; weight_____pounds; height, about_____feet and_____inches, domiciled at the residence of
defendant.

**CORPORATION** ☐

Served the defendant_____a corporation
by leaving a copy of the within action and summons with_____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & ** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant_____
not to be found in the jurisdiction of this Court.

This_____day of_____, 19_____.

_____
DEPUTY

**SHERIFF DOCKET**_____**PAGE**_____

White – Clerk    Canary – Plaintiff    Pink - Defendant

# SUPERIOR COURT OF BARROW COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  18-CV-001015-M

Allen, Deborah

---

**PLAINTIFF**

**VS.**

Walmart INC.

---

**DEFENDANT**

---

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Robert Gardner**
**Gardner Law Firm**
**114 N. Broad Street**
**P.O. Box 310**
**Winder, Georgia 30680**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 11th day of July, 2018.**

Clerk of Superior Court

Regina McIntyre, Clerk
Barrow County, Georgia

✇ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**

CURRIE MINGLEDORFF
JUL 11, 2018 02:33 PM

*Regina E. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Deborah Allen, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: _____ |
| v. | ) | |
| | ) | |
| Walmart INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Deborah Allen, Plaintiff, by and through counsel, and files this Complaint against Walmart INC and respectfully states to this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

**1.**

Deborah Allen ("Plaintiff") is a natural person and is a resident of Jackson County, Georgia.

**2.**

Walmart INC ("Defendant") is foreign profit corporation organized under the laws of Delaware. Defendant is a multinational retail corporation and operates a store in Winder, Georgia. Service may be perfected on Defendant by delivering a summons and a copy of this Complaint to its registered agent: C T Corporation System, 289 S Culver St, Lawrenceville, Georgia 30046.

**3.**

Jurisdiction and venue are proper in this Court as Defendant has an office and transacts business in Barrow County, Georgia.

## ALLEGATIONS

**4.**

On September 1, 2009, and prior and subsequent thereto, the Defendant owned, possessed, controlled, maintained and managed a certain premises commonly described as Wal-Mart, Store #520 located at 440 Atlanta Highway NW, Winder, Georgia 30680.

**5.**

On the aforesaid date, September 1, 2009, the Plaintiff was at Defendant's premises and traveling down aisle 18 when she slipped and fell due to a slick unknown residue that was in the aisle.

**6.**

At the time when Plaintiff slipped and fell, she was unaware of the slick conditions caused by Defendant's negligence.

**7.**

It was the duty of the Defendant, by and through its duly authorized agents and employees, to exercise all due care and caution for the safety of the Plaintiff and other members of the public on its premises, but the Defendant breached its duty to use due care on behalf of the Plaintiff, by and through its authorized agents and servants in that behalf, and negligently and carelessly allowed its premises unsafe for use by customers in its store.

**8.**

On September 1, 2009, the Defendant, by and through its duly authorized agents and employees, was negligent in one or more of the following respects:

(a) Carelessly and negligently failed to provide reasonably and safe premises for persons in aisle 18;

(b) Carelessly and negligently failed to maintain the aisle 18;

(c) Carelessly and negligently permitted a slick unknown residue to be present on the floor in an area where customers traversed;

(d) Carelessly and negligently failed to clean the slick unknown residue on the floor of aisle 18 after it knew or should have known that the slick unknown residue presented a danger to its customers;

(e) Negligently failed to maintain the premises owned by the Defendant in a good and safe condition for Plaintiff and others;

(f) Negligently failed to warn Plaintiff and other customers of the slick unknown residue;

(g) Failing to comply with the applicable laws and regulations of the State of Georgia;

(h) Negligently failed to exercise the degree of care required under the circumstances;

(i) Otherwise being negligent.

**9.**

As a direct and proximate result of one or more of the above wrongful acts of negligence on part of the Defendants, by and through its duly and authorized agents and employees, the Plaintiff suffered injuries, incurred severe pain and suffering, and incurred significant medical expenses.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant in an amount to be determined at trial that will fairly and adequately compensate the Plaintiff for her injuries, pain and suffering, medical expenses, costs of suit, and any further relief that this Honorable Court finds fair and just.

This Tuesday, July 10, 2018.

Respectfully submitted by:
**GARDNER LAW FIRM**

Seth Meyerson
Ga. Bar No.: 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 310
Winder, GA 30680
sm@barrowlegal.com
(678) 963-5045

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**

CURRIE MINGLEDORFF
AUG 16, 2018 10:21 AM

Regina B. McIntyre

Regina McIntyre, Clerk
Barrow County, Georgia

IN THE SUPERIOR COURT OF BARROW COUNTY
STATE OF GEORGIA

DEBORAH ALLEN,

      Plaintiff,

v.

WALMART INC.,

      Defendant.

_____/

Civil Action File No.
18-CV-001015-M

## ANSWER OF DEFENDANT

COMES NOW, Defendant WALMART INC. (erroneously named) and makes

this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Walmart Inc. is not a proper Defendant.

## SECOND DEFENSE

Venue is not proper as to Walmart Inc.

## THIRD DEFENSE

Jurisdiction is not proper as to Walmart Inc.

## FOURTH DEFENSE

Plaintiff has failed to join an indispensable party.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

## SIXTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SEVENTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## EIGHTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## NINTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## TENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint, as stated.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint, as stated.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h) and (i) thereof.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10..

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

11.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT has this day been filed and served upon opposing counsel via Peach Court E-File.

This the <u>16th</u> day of August, 2018.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -6-

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**

CURRIE MINGLEDORFF
AUG 16, 2018 10:21 AM

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

DEBORAH ALLEN,                                    Civil Action File No.
                                                  18-CV-001015-M
         Plaintiff,

v.

WALMART INC.,

         Defendant.
_____/

### 12-PERSON JURY DEMAND

COMES NOW Defendant, WALMART INC.  and demands a trial by a jury of twelve (12) persons.

                                        McLAIN & MERRITT, P.C.

                                        /s/ Howard M.  Lessinger
                                        Howard M. Lessinger
                                        Georgia Bar No. 447088
                                        Attorneys for Defendant
                                        WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Peachcourt E-File.

This the <u>16th</u> day of August, 2018.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**

CURRIE MINGLEDORFF
AUG 16, 2018 10:21 AM

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

IN THE SUPERIOR COURT OF BARROW COUNTY
STATE OF GEORGIA

DEBORAH ALLEN,                                    Civil Action File No.

        Plaintiff,                                    18-CV-001015-M

v.

WALMART INC.,

        Defendant.

_____/

_____NOTICE OF TAKING DEPOSITION_____

YOU ARE HEREBY notified that beginning on the 14th day of November, 2018, commencing at 1:00 p.m., at the offices of Gardner Law Firm, 114 N. Broad Street, Winder, GA, the deposition will be taken of Deborah Allen.  Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths.  The deposition shall continue from day-to-day until completion.    This deposition may also be videotaped by a videographer.

McLAIN & MERRITT, P.C.

___/s/ Howard M. Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING

DEPOSITION has this day been filed and served upon opposing counsel via Peach

Court E-File.

This the <u>16th</u> day of August, 2018.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**

CURRIE MINGLEDORFF
AUG 16, 2018 10:21 AM

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

IN THE SUPERIOR COURT OF BARROW COUNTY
STATE OF GEORGIA

DEBORAH ALLEN,                                    Civil Action File No.
                                                  18-CV-001015-M
                    Plaintiff,

v.

WALMART INC.,

                    Defendant.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, as amended, the undersigned

hereby certifies that the following discovery has been served upon all persons

identified in the Certificate of Service attached hereto and incorporated herein by

reference:

1)      DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

2)      DEFENDANT'S FIRST INTERROGATORIES AND REQUEST FOR
        PRODUCTION

                              McLAIN & MERRITT, P.C.

                              /s/ Howard M. Lessinger
                              Howard M. Lessinger
                              Georgia Bar No. 447088
                              Attorneys for Defendant
                              WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the <u>16th</u> day of August, 2018.

McLAIN & MERRITT, P.C.

 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**

CURRIE MINGLEDORFF
AUG 22, 2018 10:45 AM

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DEBORAH ALLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION FILE NO. 18CV-001015-M** |
| **vs.** | ) |
| | ) |
| **WAL-MART, INC., WAL-MART** | ) |
| **STORES, EAST, LP, and WAL-MART** | ) |
| **REALTY COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

_Regina B. McIntyre_
Regina McIntyre, Clerk
Barrow County, Georgia

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior and State Court Rule 5.2, I have this day served upon Defendant's counsel, **Plaintiff's Responses to Defendant's First Request for Admission of Facts to Plaintiff** by depositing a 'copy of the same in the United States mail in a properly addressed envelope with adequate postage affixed thereto and addressed as follows:

Howard Lessinger
McLAIN & MERRITT, P.C.
3445 Peachtree Road, NE, Suite 500
Atlanta, Georgia 30326-3240

This _____ day of August, 2018.

Respectfully submitted by:

Seth Meyerson
Attorney for Plaintiff
Georgia Bar No.: 583918

**GARDNER LAW FIRM**
114 N. Broad Street
Post Office Box 3204
Winder, Georgia 30680
Telephone: (678) 963-5045

 CT Corporation

**Service of Process Transmittal**
08/27/2018
CT Log Number 533950582

TO: Kim Lundy Service of Process, Legal Support Supervisor
Walmart Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

RE: **Process Served in Georgia**

FOR: Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Allen Deborah, Pltf. vs. Walmart Inc., Dft. // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Entry, Complaint, Amended Complaint, Interrogatories, Requests, Attachment(s), Summonses |
| **COURT/AGENCY:** | Barrow County Superior Court, GA<br>Case # 18CV001015M |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/01/2009 - Wal-Mart, Store #520 located at 440 Atlanta Highway NW, Winder, Georgia 30680 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/27/2018 at 10:54 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Seth meyerson<br>Gardner Law Firm<br>114 N. Broad Street<br>Winder, GA 30680<br>678-963-5045 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/28/2018, Expected Purge Date: 09/02/2018<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 289 S Culver St.<br>Lawrenceville, GA 30046-4805 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

83855

# SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. __18-CV-001015-M__ | |
| Date Filed __08/15/18 11:21 AM__ | |

| | | | |
|---|---|---|---|
| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, __BARROW__ COUNTY

ALLEN, DEBORAH

Attorney's Address    Robert Gardner
Gardner Law Firm
114 N. Broad Street
P.O. Box 310
Winder, Georgia 30680

_____ Plaintiff

Name and Address of Party to be Served.
__Wal-Mart Stores, East, LP__

__289 Cilver Street__

__Lawrenceville, Georgia 30046__

VS.
WALMART INC., ; Wal-Mart Stores, East, LP; Wal-Mart

Realty Company

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____
of the within action and summons. _____ personally with a copy

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of described as follows:
defendant.

**CORPORATION**
☐ Served the defendant ___ .. ... ... ___
by leaving a copy of the within action and summons with _____ a corporation
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This __2 7__ day of _____, 20 __1 5__

_____
Deputy

 **CT Corporation**

**Service of Process Transmittal**
08/27/2018
CT Log Number 533950634

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process, Legal Support Supervisor<br>Walmart Inc.<br>702 SW 8th St, MS#0215<br>Bentonville, AR 72716-6209 |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | Wal-Mart Realty Company  (Domestic State: AR) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Allen Deborah, Pltf. vs. Walmart Inc., Dft. // To: Wal-Mart Realty Company |
| **DOCUMENT(S) SERVED:** | Entry, Complaint, Amended Complaint, Interrogatories, Requests, Attachment(s), Summonses |
| **COURT/AGENCY:** | Barrow County Superior Court, GA<br>Case # 18CV001015M |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/01/2009 - Wal-Mart, Store #520 located at 440 Atlanta Highway NW, Winder, Georgia 30680 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/27/2018 at 10:54 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Seth Meyerson<br>Gardner Law Firm<br>114 N. Broad Street<br>Winder, GA 30680<br>678-963-5045 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/28/2018, Expected Purge Date: 09/02/2018<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>289 S Culver St.<br>Lawrenceville, GA 30046-4805<br>214-932-3601 |

Page 1 of  1 / PC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

83854

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. __18-CV-001015-M__

Date Filed __08/15/18 11:21 AM__

Attorney's Address  **Robert Gardner**
**Gardner Law Firm**
**114 N. Broad Street**
**P.O. Box 310**
**Winder, Georgia 30680**

Name and Address of Party to be Served.
**Wal-Mart Realty Company**

__289 S. Culver Street__

__Lawrenceville, Georgia 30046__

| | | | |
|---|---|---|---|
| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, __BARROW__ COUNTY

ALLEN, DEBORAH

_____

_____

Plaintiff

VS.

WALMART INC., ; Wal-Mart Stores, East, LP; Wal-Mart

Realty Company

Defendant

_____

_____

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This ____ day of _____, 20____

_____
Deputy

# SUPERIOR COURT OF BARROW COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  18-CV-001015-M

ALLEN, DEBORAH

**PLAINTIFF**

**VS.**

WALMART INC.,
Wal-Mart Stores, East, LP
Wal-Mart Realty Company

**DEFENDANTS**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Robert Gardner**
**Gardner Law Firm**
**114 N. Broad Street**
**P.O. Box 310**
**Winder, Georgia 30680**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 15th day of August, 2018.**

Clerk of Superior Court

Regina McIntyre, Clerk
Barrow County, Georgia

Page 1 of 1

☙ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**
**CURRIE MINGLEDORFF**
**AUG 15, 2018 11:21 AM**

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

Deborah Allen,                                    )
                                                  )
     Plaintiff,                              )
                                                  )          Civil Action File No. 18CV-001015-M
vs.                                               )
                                                  )
Wal-Mart, Inc., Wal-Mart Stores, East, LP,  )
and Wal-Mart Realty Company,                )
                                                  )
     Defendants.                            )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO
### DEFENDANT WAL-MART, INC.

**COMES NOW** Plaintiff and serves upon Defendant Plaintiff's First Continuing Interrogatories to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within thirty (30) days from the receipt of such information, but not later than the time of trial.

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)   "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)   The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3)   "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4)   "Identify" means the following:

(a)   When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b)   When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)   When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in

specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)     When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1.

Please identify the full and correct legal names of the owner and also the operator of the subject property, including names and addresses.  If these are two different persons or entities, please clarify which one was the owner and which one was the operator.

2.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Documents.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by

providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d)     Assisted Plaintiff after her fall at your premises.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant's property.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify each person employed by Defendant who was working at the subject property on the date of the incident described in the Complaint.

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

12.

Please indicate whether you reported the subject fall to OSHA, or any other regulatory agencies. If so, when, where, to whom, and identify all correspondence and reports generated therefrom.

13.

Please identify each individual who mopped, cleaned or otherwise was responsible for maintenance and/or repairs on the date of this incident as alleged in the Complaint at the subject property. Were these person(s) employees or agents of Defendant? If not, please identify what

entity employed them at the time of Plaintiff's fall.

14.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

15.

Identify any and all persons known to Defendant who have fallen at the subject property at any time in the last three (3) years.

16.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(a)     The exact location at the subject property where the individual fell;

(b)     The cause of the fall;

(c)     Whether any incident report was prepared;

(d)     The information contained in such incident report;

(e)     The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said fall.

17.

Please state whether there existed, prior to the incident which is the subject of Plaintiff's Complaint, any procedure or program for the regular inspection of the subject property by Defendant or someone acting in its behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a)     Provide a general description of each such procedure or program, including the

identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)     State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c)     State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d)     Identify all documents relating to each such procedure or program and their findings.

## 18.

Please identify any and all procedures or programs for inspection of the subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a)     Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b)     Identify each person charged with said inspection(s);

(c)     Identify each person charged with implementing and conducting each such procedure or program; and

(d)     Identify all documents relating to such procedure or program and their findings.

## 19.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

## 20.

Do you contend that the injuries complained of in this case were caused by the

negligence of any party other than Defendant or Defendant's agents and servants? If your answer is yes, please identify:

    (a)    The party whom you contend was guilty of such negligence;

    (b)    Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

    (c)    Each and every fact and reason upon which you base your contentions; and

    (d)    Each and every person who has any knowledge or information concerning each such fact.

21.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so:

    (a)    State the date you acquired such knowledge and/or information;

    (b)    State what knowledge and/or information you had;

    (c)    Identify the person or persons who made such knowledge and/or information known to you;

    (d)    State whether any remedial and/or corrective action was taken based upon such knowledge;

    (e)    Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

    (f)    Identify any documents relating to such condition and/or corrective action.

22.

Please identify any inherent aspect of the subject premises where Plaintiff fell, which you believe posed a risk of physical injury to persons. As to each such fact or circumstance identified:

(a)     State when you were apprised of such inherent risk of danger; and

(b)     Identify all documents relating to such fact or circumstance.

23.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

24.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of a slip, trip, and/or fall at the subject property, occurring during the last three (3) years.

25.

Please identify any and all other similar incidents or allegations for which you have prepared an incident report concerning a visitor or employee who has complained of a trip, slip and/or fall at the subject property, occurring during the last three (3) years.

26.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed an insurance claim against Defendant and related to falls at the subject

property, occurring during the last three (3) years.

27.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed a lawsuit against Defendant and related to falls at the subject property, occurring during the last three (3) years.

28.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

29.

Please describe the location of the clear liquid substance on the premises of the subject property on the date of this incident as alleged in the Complaint.

30.

Please identify all individuals who had knowledge of the clear liquid substance at the subject property on the date of this incident as alleged in the Complaint.

31.

Identify all instructions and documents related to inspecting the interior of the subject property in effect on the date of this incident as alleged in the Complaint.

32.

Identify any and all safety manuals and written procedures effective on the date of this incident as alleged in the Complaint, concerning slip, trip and/or fall prevention at the subject property.

33.

Please state whether, in compiling your answers to these Interrogatories, you have made a

reasonable and diligent effort to identify and provide not only such facts as are within your

personal knowledge, but such facts as are also reasonably available to you and/or any person

acting on your behalf.


This ___15th___ day of August, 2018.


GARDNER LAW FIRM


/s/ Seth Meyerson
Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff


114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678)963-5045

&#9860; **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA
**18-CV-001015-M**
**CURRIE MINGLEDORFF**
**AUG 15, 2018 11:21 AM**

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

**IN THE SUPERIOR COURT OF BARROW COUNTY**
**STATE OF GEORGIA**

Deborah Allen,                                )
                                              )
            Plaintiff,                        )
                                              )        Civil Action File No. 18CV-001015-M
vs.                                           )
                                              )
Wal-Mart, Inc., Wal-Mart Stores, East, LP,    )
and Wal-Mart Realty Company,                  )
                                              )
            Defendants.                       )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT WAL-MART STORES, EAST, LP

**COMES NOW** Plaintiff and serves upon Defendant Plaintiff's First Continuing Interrogatories to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within thirty (30) days from the receipt of such information, but not later than the time of trial.

## DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)   "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)   The term "document" means -and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3)   "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4)   "Identify" means the following:

(a)   When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b)   When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)   When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in

specific detail (give an exhibit number for each if one has been assigned) and state the name,

address and telephone number of the person who presently has possession, custody or control

over each item of real or documentary evidence listed; and

       (d)    When used with respect to facts, circumstances or information, means to give a

concise summary of the nature and substance of the facts, circumstances or information of which

discovery is sought.

## INTERROGATORIES

### 1.

       Please identify the full and correct legal names of the owner and also the operator of the

subject property, including names and addresses.  If these are two different persons or entities,

please clarify which one was the owner and which one was the operator.

### 2.

       Identify the person or persons responding to these Interrogatories and all individuals that

have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for

Documents.

### 3.

       If you contend that Plaintiff has brought action against the wrong entity due to a

misnomer, please state the complete name of the correct defendant in this action; and further

state whether you will accept service of an amended Summons and Complaint reflecting the

information furnished by you in response to this Interrogatory.

### 4.

       With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any

policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by

providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)    Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)    Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c)    Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d)    Assisted Plaintiff after her fall at your premises.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant's property.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify each person employed by Defendant who was working at the subject property on the date of the incident described in the Complaint.

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

12.

Please indicate whether you reported the subject fall to OSHA, or any other regulatory agencies. If so, when, where, to whom, and identify all correspondence and reports generated therefrom.

13.

Please identify each individual who mopped, cleaned or otherwise was responsible for maintenance and/or repairs on the date of this incident as alleged in the Complaint at the subject property. Were these person(s) employees or agents of Defendant? If not, please identify what

entity employed them at the time of Plaintiff's fall.

14.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

15.

Identify any and all persons known to Defendant who have fallen at the subject property at any time in the last three (3) years.

16.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(a)     The exact location at the subject property where the individual fell;

(b)     The cause of the fall;

(c)     Whether any incident report was prepared;

(d)     The information contained in such incident report;

(e)     The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said fall.

17.

Please state whether there existed, prior to the incident which is the subject of Plaintiff's Complaint, any procedure or program for the regular inspection of the subject property by Defendant or someone acting in its behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a)     Provide a general description of each such procedure or program, including the

identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)     State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c)     State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d)     Identify all documents relating to each such procedure or program and their findings.

18.

Please identify any and all procedures or programs for inspection of the subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a)     Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b)     Identify each person charged with said inspection(s);

(c)     Identify each person charged with implementing and conducting each such procedure or program; and

(d)     Identify all documents relating to such procedure or program and their findings.

19.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

20.

Do you contend that the injuries complained of in this case were caused by the

negligence of any party other than Defendant or Defendant's agents and servants? If your answer is yes, please identify:

    (a)    The party whom you contend was guilty of such negligence;

    (b)    Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

    (c)    Each and every fact and reason upon which you base your contentions; and

    (d)    Each and every person who has any knowledge or information concerning each such fact.

21.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so:

    (a)    State the date you acquired such knowledge and/or information;

    (b)    State what knowledge and/or information you had;

    (c)    Identify the person or persons who made such knowledge and/or information known to you;

    (d)    State whether any remedial and/or corrective action was taken based upon such knowledge;

    (e)    Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

    (f)    Identify any documents relating to such condition and/or corrective action.

22.

Please identify any inherent aspect of the subject premises where Plaintiff fell, which you believe posed a risk of physical injury to persons. As to each such fact or circumstance identified:

    (a)    State when you were apprised of such inherent risk of danger; and

    (b)    Identify all documents relating to such fact or circumstance.

23.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

24.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of a slip, trip, and/or fall at the subject property, occurring during the last three (3) years.

25.

Please identify any and all other similar incidents or allegations for which you have prepared an incident report concerning a visitor or employee who has complained of a trip, slip and/or fall at the subject property, occurring during the last three (3) years.

26.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed an insurance claim against Defendant and related to falls at the subject

property, occurring during the last three (3) years.

### 27.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed a lawsuit against Defendant and related to falls at the subject property, occurring during the last three (3) years.

### 28.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

### 29.

Please describe the location of the clear liquid substance on the premises of the subject property on the date of this incident as alleged in the Complaint.

### 30.

Please identify all individuals who had knowledge of the clear liquid substance at the subject property on the date of this incident as alleged in the Complaint.

### 31.

Identify all instructions and documents related to inspecting the interior of the subject property in effect on the date of this incident as alleged in the Complaint.

### 32.

Identify any and all safety manuals and written procedures effective on the date of this incident as alleged in the Complaint, concerning slip, trip and/or fall prevention at the subject property.

### 33.

Please state whether, in compiling your answers to these Interrogatories, you have made a

reasonable and diligent effort to identify and provide not only such facts as are within your

personal knowledge, but such facts as are also reasonably available to you and/or any person

acting on your behalf.

This ___15th___ day of August, 2018.

**GARDNER LAW FIRM**

/s/ Seth Meyerson
Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678)963-5045

⚶ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA
**18-CV-001015-M**
**CURRIE MINGLEDORFF**
AUG 15, 2018 11:21 AM

Regina B. McIntyre
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

Deborah Allen,                              )
                                            )
      Plaintiff,                        )
                                            )
                                             )    Civil Action File No. 18CV-001015-M
vs.                                         )
                                            )
Wal-Mart, Inc., Wal-Mart Stores, East, LP, )
and Wal-Mart Realty Company,                )
                                            )
      Defendants.                       )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO
### DEFENDANT WAL-MART REALTY COMPANY

**COMES NOW** Plaintiff and serves upon Defendant Plaintiff's First Continuing Interrogatories to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within thirty (30) days from the receipt of such information, but not later than the time of trial.

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)  "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)  The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3)  "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4)  "Identify" means the following:

(a)  When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b)  When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)  When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in

specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)    When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1.

Please identify the full and correct legal names of the owner and also the operator of the subject property, including names and addresses.  If these are two different persons or entities, please clarify which one was the owner and which one was the operator.

2.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Documents.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by

providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d)     Assisted Plaintiff after her fall at your premises.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant's property.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify each person employed by Defendant who was working at the subject property on the date of the incident described in the Complaint.

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

12.

Please indicate whether you reported the subject fall to OSHA, or any other regulatory agencies. If so, when, where, to whom, and identify all correspondence and reports generated therefrom.

13.

Please identify each individual who mopped, cleaned or otherwise was responsible for maintenance and/or repairs on the date of this incident as alleged in the Complaint at the subject property. Were these person(s) employees or agents of Defendant? If not, please identify what

entity employed them at the time of Plaintiff's fall.

14.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

15.

Identify any and all persons known to Defendant who have fallen at the subject property at any time in the last three (3) years.

16.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(a)    The exact location at the subject property where the individual fell;

(b)    The cause of the fall;

(c)    Whether any incident report was prepared;

(d)    The information contained in such incident report;

(e)    The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said fall.

17.

Please state whether there existed, prior to the incident which is the subject of Plaintiff's Complaint, any procedure or program for the regular inspection of the subject property by Defendant or someone acting in its behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a)    Provide a general description of each such procedure or program, including the

identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)     State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c)     State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d)     Identify all documents relating to each such procedure or program and their findings.

18.

Please identify any and all procedures or programs for inspection of the subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a)     Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b)     Identify each person charged with said inspection(s);

(c)     Identify each person charged with implementing and conducting each such procedure or program; and

(d)     Identify all documents relating to such procedure or program and their findings.

19.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

20.

Do you contend that the injuries complained of in this case were caused by the

negligence of any party other than Defendant or Defendant's agents and servants? If your answer is yes, please identify:

(a)     The party whom you contend was guilty of such negligence;

(b)     Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c)     Each and every fact and reason upon which you base your contentions; and

(d)     Each and every person who has any knowledge or information concerning each such fact.

### 21.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so:

(a)     State the date you acquired such knowledge and/or information;

(b)     State what knowledge and/or information you had;

(c)     Identify the person or persons who made such knowledge and/or information known to you;

(d)     State whether any remedial and/or corrective action was taken based upon such knowledge;

(e)     Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(f)     Identify any documents relating to such condition and/or corrective action.

22.

Please identify any inherent aspect of the subject premises where Plaintiff fell, which you believe posed a risk of physical injury to persons. As to each such fact or circumstance identified:

(a)     State when you were apprised of such inherent risk of danger; and

(b)     Identify all documents relating to such fact or circumstance.

23.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

24.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of a slip, trip, and/or fall at the subject property, occurring during the last three (3) years.

25.

Please identify any and all other similar incidents or allegations for which you have prepared an incident report concerning a visitor or employee who has complained of a trip, slip and/or fall at the subject property, occurring during the last three (3) years.

26.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed an insurance claim against Defendant and related to falls at the subject

property, occurring during the last three (3) years.

27.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed a lawsuit against Defendant and related to falls at the subject property, occurring during the last three (3) years.

28.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

29.

Please describe the location of the clear liquid substance on the premises of the subject property on the date of this incident as alleged in the Complaint.

30.

Please identify all individuals who had knowledge of the clear liquid substance at the subject property on the date of this incident as alleged in the Complaint.

31.

Identify all instructions and documents related to inspecting the interior of the subject property in effect on the date of this incident as alleged in the Complaint.

32.

Identify any and all safety manuals and written procedures effective on the date of this incident as alleged in the Complaint, concerning slip, trip and/or fall prevention at the subject property.

33.

Please state whether, in compiling your answers to these Interrogatories, you have made a

reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

This ___15th___ day of August, 2018.

GARDNER LAW FIRM


/s/ Seth Meyerson
Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678)963-5045

🖩 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**

CURRIE MINGLEDORFF
AUG 15, 2018 11:21 AM

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| Deborah Allen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. 18CV-001015-M |
| vs. | ) | |
| | ) | |
| Wal-Mart, Inc., Wal-Mart Stores, East, LP, | ) | |
| and Wal-Mart Realty Company, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
### TO DEFENDANT WAL-MART, INC.

**COMES NOW** Plaintiff and hereby requests that Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

Please admit that on the date of this incident as alleged in the Complaint, you were the owner of the property located at 440 Atlanta Highway, Winder, Georgia 30680.

2.

Please admit that Plaintiff fell on the subject premises of Defendant on the date of this incident as alleged in the Complaint.

3.

Please admit that at the time of Plaintiff's fall on the date of this incident as alleged in the Complaint, Plaintiff was an invitee at and on the subject premises.

4.

Please admit that Plaintiff fell due to a clear substance on the floor in the cereal aisle at the subject location at the time of Plaintiff's fall.

5.

Please admit that Defendant, by and through its employees at the subject location, had actual knowledge of the hazardous condition that caused Plaintiff's fall.

6.

Please admit that Defendant, by and through its employees at the subject location, had constructive knowledge of the hazardous condition that caused Plaintiff's fall.

7.

Please admit that Plaintiff fell in an area used by invitees of Defendant.

8.

Please admit that on the date of this incident as alleged in the Complaint, the area where Plaintiff fell is included within a designated area for inspection by employees of Defendant.

9.

Please admit that on the date of this incident as alleged in the Complaint, Defendant's employees had actual knowledge of the clear substance on the floor in the cereal aisle at the

subject location.

10.

Please admit that on the date of this incident as alleged in the Complaint, Defendant's employees had constructive knowledge of the clear substance on the floor in the cereal aisle at the subject location.

11.

Please admit that Defendant did not exercise ordinary care in keeping its property safe.

12.

Please admit that there were no signs or warnings posted in the area where Plaintiff fell prior to Plaintiff's fall.

13.

Please admit that Plaintiff had no knowledge of the clear substance in the cereal aisle prior to the fall.

14.

Please admit that if the there was a clear substance on the floor in the area where Plaintiff fell, it is required that warning signs be placed to warn invitees of the hazard at the subject location.

15.

Please admit that at least one member of Defendant's staff observed Plaintiff after the fall.

16.

Please admit that at least one member of Defendant's staff assisted Plaintiff after the fall.

17.

Please admit that immediately following the fall, Plaintiff complained that she had fallen due to a clear substance on the floor in the cereal aisle.

18.

Please admit that Plaintiff was injured as a result of the fall at the subject premises.

19.

Please admit that on the date of this incident as alleged in the Complaint, Defendant had a written policy or guidelines for inspecting the subject location.

20.

Please admit that this court has personal jurisdiction over Defendant for purposes of this lawsuit.

21.

Please admit that venue for this action is proper as alleged in the Complaint.

22.

Please admit that service on Defendant was proper.

23.

Please admit that service of process on Defendant was proper.

This ___15th___ day of August, 2018.

**GARDNER LAW FIRM**


/s/ Seth Meyerson
Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678)963-5045

**⚜ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA
**18-CV-001015-M**
**CURRIE MINGLEDORFF**
**AUG 15, 2018 11:21 AM**

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

Deborah Allen,                          )
                                        )
      Plaintiff,                    )
                                        )   Civil Action File No. 18CV-001015-M
vs.                                     )
                                        )
Wal-Mart, Inc., Wal-Mart Stores, East, LP, )
and Wal-Mart Realty Company,            )
                                        )
      Defendants.                   )

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT WAL-MART STORES, EAST, LP

      **COMES NOW** Plaintiff and hereby requests that Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

## REQUESTS FOR ADMISSION

1.

      Please admit that on the date of this incident as alleged in the Complaint, you were the owner of the property located at 440 Atlanta Highway, Winder, Georgia 30680.

2.

Please admit that Plaintiff fell on the subject premises of Defendant on the date of this incident as alleged in the Complaint.

3.

Please admit that at the time of Plaintiff's fall on the date of this incident as alleged in the Complaint, Plaintiff was an invitee at and on the subject premises.

4.

Please admit that Plaintiff fell due to a clear substance on the floor in the cereal aisle at the subject location at the time of Plaintiff's fall.

5.

Please admit that Defendant, by and through its employees at the subject location, had actual knowledge of the hazardous condition that caused Plaintiff's fall.

6.

Please admit that Defendant, by and through its employees at the subject location, had constructive knowledge of the hazardous condition that caused Plaintiff's fall.

7.

Please admit that Plaintiff fell in an area used by invitees of Defendant.

8.

Please admit that on the date of this incident as alleged in the Complaint, the area where Plaintiff fell is included within a designated area for inspection by employees of Defendant.

9.

Please admit that on the date of this incident as alleged in the Complaint, Defendant's employees had actual knowledge of the clear substance on the floor in the cereal aisle at the subject location.

10.

Please admit that on the date of this incident as alleged in the Complaint, Defendant's employees had constructive knowledge of the clear substance on the floor in the cereal aisle at the subject location.

11.

Please admit that Defendant did not exercise ordinary care in keeping its property safe.

12.

Please admit that there were no signs or warnings posted in the area where Plaintiff fell prior to Plaintiff's fall.

13.

Please admit that Plaintiff had no knowledge of the clear substance in the cereal aisle prior to the fall.

14.

Please admit that if the there was a clear substance on the floor in the area where Plaintiff fell, it is required that warning signs be placed to warn invitees of the hazard at the subject location.

15.

Please admit that at least one member of Defendant's staff observed Plaintiff after the fall.

16.

Please admit that at least one member of Defendant's staff assisted Plaintiff after the fall.

17.

Please admit that immediately following the fall, Plaintiff complained that she had fallen due to a clear substance on the floor in the cereal aisle.

18.

Please admit that Plaintiff was injured as a result of the fall at the subject premises.

19.

Please admit that on the date of this incident as alleged in the Complaint, Defendant had a written policy or guidelines for inspecting the subject location.

20.

Please admit that this court has personal jurisdiction over Defendant for purposes of this lawsuit.

21.

Please admit that venue for this action is proper as alleged in the Complaint.

22.

Please admit that service on Defendant was proper.

23.

Please admit that service of process on Defendant was proper.

This ___15th___ day of August, 2018.

                                              **GARDNER LAW FIRM**


                                              /s/ Seth Meyerson
                                              Seth Meyerson
                                              Georgia Bar No. 583918
                                              Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678)963-5045

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA
**18-CV-001015-M**
**CURRIE MINGLEDORFF**
AUG 15, 2018 11:21 AM

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

Deborah Allen,          )
                         )
       Plaintiff,      )
                         )     Civil Action File No. 18CV-001015-M
vs.                   )
                         )
Wal-Mart, Inc., Wal-Mart Stores, East, LP, )
and Wal-Mart Realty Company,      )
                         )
       Defendants.     )

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT WAL-MART REALTY COMPANY

**COMES NOW** Plaintiff and hereby requests that Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

Please admit that on the date of this incident as alleged in the Complaint, you were the owner of the property located at 440 Atlanta Highway, Winder, Georgia 30680.

2.

Please admit that Plaintiff fell on the subject premises of Defendant on the date of this incident as alleged in the Complaint.

3.

Please admit that at the time of Plaintiff's fall on the date of this incident as alleged in the Complaint, Plaintiff was an invitee at and on the subject premises.

4.

Please admit that Plaintiff fell due to a clear substance on the floor in the cereal aisle at the subject location at the time of Plaintiff's fall.

5.

Please admit that Defendant, by and through its employees at the subject location, had actual knowledge of the hazardous condition that caused Plaintiff's fall.

6.

Please admit that Defendant, by and through its employees at the subject location, had constructive knowledge of the hazardous condition that caused Plaintiff's fall.

7.

Please admit that Plaintiff fell in an area used by invitees of Defendant.

8.

Please admit that on the date of this incident as alleged in the Complaint, the area where Plaintiff fell is included within a designated area for inspection by employees of Defendant.

9.

Please admit that on the date of this incident as alleged in the Complaint, Defendant's employees had actual knowledge of the clear substance on the floor in the cereal aisle at the

subject location.

10.

Please admit that on the date of this incident as alleged in the Complaint, Defendant's employees had constructive knowledge of the clear substance on the floor in the cereal aisle at the subject location.

11.

Please admit that Defendant did not exercise ordinary care in keeping its property safe.

12.

Please admit that there were no signs or warnings posted in the area where Plaintiff fell prior to Plaintiff's fall.

13.

Please admit that Plaintiff had no knowledge of the clear substance in the cereal aisle prior to the fall.

14.

Please admit that if the there was a clear substance on the floor in the area where Plaintiff fell, it is required that warning signs be placed to warn invitees of the hazard at the subject location.

15.

Please admit that at least one member of Defendant's staff observed Plaintiff after the fall.

16.

Please admit that at least one member of Defendant's staff assisted Plaintiff after the fall.

17.

Please admit that immediately following the fall, Plaintiff complained that she had fallen due to a clear substance on the floor in the cereal aisle.

18.

Please admit that Plaintiff was injured as a result of the fall at the subject premises.

19.

Please admit that on the date of this incident as alleged in the Complaint, Defendant had a written policy or guidelines for inspecting the subject location.

20.

Please admit that this court has personal jurisdiction over Defendant for purposes of this lawsuit.

21.

Please admit that venue for this action is proper as alleged in the Complaint.

22.

Please admit that service on Defendant was proper.

23.

Please admit that service of process on Defendant was proper.

This ___15th___ day of August, 2018.

GARDNER LAW FIRM


/s/ Seth Meyerson
Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678)963-5045

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA
**18-CV-001015-M**
CURRIE MINGLEDORFF
AUG 15, 2018 11:21 AM

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

Deborah Allen,                    )
                                  )
    Plaintiff,                )
                                  )        Civil Action File No. 18CV-001015-M
vs.                               )
                                  )
Wal-Mart, Inc., Wal-Mart Stores, East, LP, )
and Wal-Mart Realty Company,      )
                                  )
    Defendants.               )

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART, INC.

**COMES NOW** Plaintiff and hereby requests that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at GARDNER LAW FIRM, located at 114 N. Broad Street, Winder, Georgia 30680, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1.  "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2.  "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3.  If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4.  The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences.  The words in the headings are not a substitute for a full reading of the words in the actual request.

### *DOCUMENT REQUESTS*

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in your Answer to Plaintiff's Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

10.

All statements previously made by Plaintiff concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective on</u> the date of this incident as alleged in the Complaint.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective after</u> the date of this incident as alleged in the Complaint.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection of the premises, or any reference to substance accumulation.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection, maintenance or cleaning of the food court area, or any reference to substance accumulation.

15.

A blank copy of the incident report used by Defendant for documenting, and reporting Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

16.

A fully legible copy of the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

17.

All written notes, schedules, memos, computer documentation, etc., which evidence any inspections of the subject property for the last three (3) years.

18.

Copies of all legal complaints filed against you since the date of this incident as alleged in the Complaint, for allegations of someone tripping, slipping or falling at the subject property.

19.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a trip, slip, or fall at the subject property for the last three (3) years.

20.

Copies of all documents exchanged with OSHA or any regulatory agency for the last three (3) years concerning any complaints, allegations, incidents or investigations into allegations of someone tripping, slipping, or falling at the subject property.

21.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning incidents of trips, slips, and/or falls on the subject property for the last three (3) years.

22.

Copies of any depositions taken of any of your employees, experts, consultants, or witness in any case in the last 5 years involving allegations of someone tripping, slipping, and/or falling at the subject property.

23.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a workers' compensation injury arising from a trip, slip or fall at the subject property for the last three (3) years.

24.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning safety issues in the last 5 years.

25.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiff's fall at your property on the date of the incident as alleged in the Complaint.

26.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's incident on the date of the incident as alleged in the Complaint.

27.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning the accumulation of a substance at the subject property in the subject area in the last three (3) years.

28.

Copies of any and all of your employee timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident as alleged in the Complaint.

29.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of the incident as alleged in the Complaint.

30.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning food and/or liquid accumulation at the subject property in the last three (3) years.

This ___15th___ day of August, 2018.

**GARDNER LAW FIRM**

/s/ Seth Meyerson
Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678) 963-5045

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**
CURRIE MINGLEDORFF
AUG 15, 2018 11:21 AM

*Regina B. McIntyre*
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Deborah Allen, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action File No. 18CV-001015-M |
| | ) |
| Wal-Mart, Inc., Wal-Mart Stores, East, LP, | ) |
| and Wal-Mart Realty Company, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF
## DOCUMENTS TO DEFENDANT WAL-MART STORES, EAST, LP

**COMES NOW** Plaintiff and hereby requests that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at GARDNER LAW FIRM, located at 114 N. Broad Street, Winder, Georgia 30680, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

## DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2. "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4. The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

## ***DOCUMENT REQUESTS***

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in your Answer to Plaintiff's Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any and all surveillance video of the aisle that is the subject matter of the within litigation, for the period of time beginning four (4) hours (2:50 p.m.) prior to Plaintiff's fall.

4.

Any surveillance photographs, movies or videotapes made of Plaintiff.

5.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

6.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

7.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

8.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

10.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

11.

All statements previously made by Plaintiff concerning the subject matter of this action.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective on the date of this incident as alleged in the Complaint.

13.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of this incident as alleged in the Complaint.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection of the premises, or any reference to substance accumulation.

15.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures

effective after the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection, maintenance or cleaning of the food court area, or any reference to substance accumulation.

16.

A blank copy of the incident report used by Defendant for documenting, and reporting Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

17.

A fully legible copy of the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

18.

All written notes, schedules, memos, computer documentation, etc., which evidence any inspections of the subject property for the last three (3) years.

19.

Copies of all legal complaints filed against you since the date of this incident as alleged in the Complaint, for allegations of someone tripping, slipping or falling at the subject property.

20.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a trip, slip, or fall at the subject property for the last three (3) years.

21.

Copies of all documents exchanged with OSHA or any regulatory agency for the last three (3) years concerning any complaints, allegations, incidents or investigations into allegations of someone tripping, slipping, or falling at the subject property.

22.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning incidents of trips, slips, and/or falls on the subject property for the last three (3) years.

23.

Copies of any depositions taken of any of your employees, experts, consultants, or witness in any case in the last 5 years involving allegations of someone tripping, slipping, and/or falling at the subject property.

24.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a workers' compensation injury arising from a trip, slip or fall at the subject property for the last three (3) years.

25.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning safety issues in the last 5 years.

26.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiff's fall at your property on the date of the incident as alleged in the Complaint.

27.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's incident on the date of the incident as alleged in the Complaint.

28.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning the accumulation of a substance at the subject property in the subject area in the last three (3) years.

29.

Copies of any and all of your employee timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident as alleged in the Complaint.

30.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of the incident as alleged in the Complaint.

31.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning food and/or liquid accumulation at the subject property in the last three (3) years.

This ___15th___ day of August, 2018.

**GARDNER LAW FIRM**

/s/ Seth Meyerson
Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678) 963-5045

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA
**18-CV-001015-M**
**CURRIE MINGLEDORFF**
AUG 15, 2018 11:21 AM

Regina B. McIntyre
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

Deborah Allen,              )
                              )
         Plaintiff,           )
                              )     Civil Action File No. 18CV-001015-M
vs.                        )
                              )
Wal-Mart, Inc., Wal-Mart Stores, East, LP, )
and Wal-Mart Realty Company,       )
                              )
         Defendants.        )

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF
### DOCUMENTS TO DEFENDANT WAL-MART REALTY COMPANY

**COMES NOW** Plaintiff and hereby requests that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at GARDNER LAW FIRM, located at 114 N. Broad Street, Winder, Georgia 30680, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1.  "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2.  "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3.  If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4.  The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences.  The words in the headings are not a substitute for a full reading of the words in the actual request.

### *DOCUMENT REQUESTS*

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in your Answer to Plaintiff's Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

10.

All statements previously made by Plaintiff concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, underline on the date of this incident as alleged in the Complaint.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of this incident as alleged in the Complaint.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection of the premises, or any reference to substance accumulation.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection, maintenance or cleaning of the food court area, or any reference to substance accumulation.

15.

A blank copy of the incident report used by Defendant for documenting, and reporting Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

16.

A fully legible copy of the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

17.

All written notes, schedules, memos, computer documentation, etc., which evidence any inspections of the subject property for the last three (3) years.

18.

Copies of all legal complaints filed against you since the date of this incident as alleged in the Complaint, for allegations of someone tripping, slipping or falling at the subject property.

19.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a trip, slip, or fall at the subject property for the last three (3) years.

20.

Copies of all documents exchanged with OSHA or any regulatory agency for the last three (3) years concerning any complaints, allegations, incidents or investigations into allegations of someone tripping, slipping, or falling at the subject property.

21.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning incidents of trips, slips, and/or falls on the subject property for the last three (3) years.

22.

Copies of any depositions taken of any of your employees, experts, consultants, or witness in any case in the last 5 years involving allegations of someone tripping, slipping, and/or falling at the subject property.

23.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a workers' compensation injury arising from a trip, slip or fall at the subject property for the last three (3) years.

24.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning safety issues in the last 5 years.

25.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiff's fall at your property on the date of the incident as alleged in the Complaint.

26.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's incident on the date of the incident as alleged in the Complaint.

27.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning the accumulation of a substance at the subject property in the subject area in the last three (3) years.

28.

Copies of any and all of your employee timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident as alleged in the Complaint.

29.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of the incident as alleged in the Complaint.

30.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning food and/or liquid accumulation at the subject property in the last three (3) years.

This __15th__ day of August, 2018.

**GARDNER LAW FIRM**

/s/ Seth Meyerson
Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678) 963-5045

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-001015-M**

**CURRIE MINGLEDORFF**
**AUG 31, 2018 10:49 AM**

Regina B. McIntyre
Regina McIntyre, Clerk
Barrow County, Georgia

## IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DEBORAH ALLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )**CIVIL ACTION FILE NO. 18CV-001015-M** |
| **vs.** | ) |
| | ) |
| **WAL-MART, INC., WAL-MART** | ) |
| **STORES, EAST, LP, and WAL-MART** | ) |
| **REALTY COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior and State Court Rule 5.2, I have this day served upon Defendant's counsel, **Plaintiff's Responses to Defendant's First Interrogatories and Request for Production of Documents to Plaintiff** by depositing a copy of the same in the United States mail in a properly addressed envelope with adequate postage affixed thereto and addressed as follows:

Howard Lessinger
McLAIN & MERRITT, PC
3445 Peachtree Road, N.E.
Suite 500
Atlanta, Georgia 30326

This _31st_ day of _August_ _____, 2018.

**GARDNER LAW FIRM**

Seth Meyerson
Georgia Bar No. 583918
Attorney for Plaintiff

114 N. Broad Street
P.O. Box 3204
Winder, Georgia 30680
sm@barrowlegal.com
(678)963-5045

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 03/28/2018 13:54:13

## BUSINESS INFORMATION

**BUSINESS NAME**          :  WAL-MART REALTY COMPANY

**CONTROL NUMBER**     :  0056814

**BUSINESS TYPE**        :  Foreign Profit Corporation

**JURISDICTION**         :  Arkansas

## BUSINESS INFORMATION CURRENTLY ON FILE

**PRINCIPAL OFFICE ADDRESS**  : 124 West Capitol Avenue, Suite 1900, Little Rock, AR, 72220, USA

**REGISTERED AGENT NAME**   : C T Corporation System

**REGISTERED OFFICE ADDRESS** : 289 S Culver St, Gwinnett, Lawrenceville, GA, 30046-4805, USA

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| Brad Sikorski | CFO | 124 West Capitol Avenue, Suite 1900, Little Rock, AR, 72220, USA |
| Gordon Allison | Secretary | 124 West Capitol Avenue, Suite 1900, Little Rock, AR, 72220, USA |
| JP Suarez | CEO | 124 West Capitol Avenue, Suite 1900, Little Rock, AR, 72220, USA |

## UPDATES TO ABOVE BUSINESS INFORMATION

**PRINCIPAL OFFICE ADDRESS**  : 708 SW 8th Street, Bentonville, AR, 72716, USA

**REGISTERED AGENT NAME**   : C T Corporation System

**REGISTERED OFFICE ADDRESS** : 289 S Culver St, Gwinnett, Lawrenceville, GA, 30046-4805, USA

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| J.P. Suarez | CEO | 708 SW 8th Street, Bentonville, AR, 72716, USA |
| Gordon Y. Allison | Secretary | 708 SW 8th Street, Bentonville, AR, 72716, USA |
| Matt Allen | CFO | 708 SW 8th Street, Bentonville, AR, 72716, USA |

## AUTHORIZER INFORMATION

**AUTHORIZER SIGNATURE**    : Kelly Lettmann

**AUTHORIZER TITLE**        : Attorney In Fact

DEFENDANTS'
EXHIBIT
"A"

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS TO AMENDED COMPLAINT has this day been filed and served upon counsel for all parties via Peach Court E-File.

This the <u>10th</u> day of September, 2018.

McLAIN & MERRITT, P.C.

 /s/ Dawn M. Rivera
Dawn M. Rivera
Georgia Bar No. 002535
Attorneys for Defendants
Walmart, Inc., Wal-Mart Stores East, LP
and Wal-Mart Realty Company

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326-3240
404.266.9171
fax - 404.364.3138
hlessinger@mmatllaw.com
drivera@mmatllaw.com